not, therefore, unaided by other evidence, be made the basis of an award. All concur.

. Before STATE INDUSTRIAL BOARD, Respondent. DANIEL SULLIVAN, Respondent, v. ROBERT ARMSTRONG and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. JOHN SCHLINER, Respondent, v. McCABE HANGER MANUFACTURING COMPANY and Another, Appellants.— Award modified by reducing the rate of compensation to fourteen dollars and fifty-four cents per week, and as so modified unanimously affirmed, without costs, on the ground that there is no evidence to support the finding that the wages of the claimant would be expected to increase during the fifteen weeks after the accident, the period covered by the award.

Before STATE INDUSTRIAL BOARD, Respondent. ERNEST SANDAHL, Respondent, v. BROOKLYN CITY RAILROAD COMPANY, Appellant.— Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, on the ground that there is no finding of, and no proof of, a permanent disability. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. PETER SOLO, Respondent,. v. LIPPE CONTRACTING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. CHARLES SCHENKER, Respondent, v. MAX KARCH and Another, Appellants.— Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, upon the ground that the claimant having suffered only permanent partial loss of use of a member, and having received full compensation therefor under a schedule award, may not receive an award based upon loss of earning power. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. THOMAS SANZONE, Respondent, v. E. J. SCHWABE MANUFACTURING COMPANY and Another, Appellants.— Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, on the ground that the findings are based solely upon the unverified reports of physicians. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. DAVID SLOTE, Respondent, v. PACIFIC CLOTHING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. SAMUEL SCHWARTZ, Respondent, v. LINDLEY M. GARRISON, as Receiver of BROOKLYN RAPID TRANSIT COMPANY, Appellant.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. STATE TREASURER (Claim Arising Out of Death of DAVID SUMMERVILLE), Respondent, v. THE FACTORS DELIVERY COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

JAMES J. SHEEHAN, Appellant, v. PATRICK COFFEY, Respondent.— Order unanimously affirmed, with ten dollars costs and disbursements.

ESTHER SILVERSTEIN, Respondent, v. SAMUEL TAUBENKIMMEL and Others, Appellants.— Motion granted.

Before STATE INDUSTRIAL BOARD, Respondent. SOPHIE SCHECHTER, Respond-